OPINION OF THE COURT
Allan L. Winick, J.
The statute which this defendant is accused of violating, section 2202 of the Nassau County Government Law, under the general subject of conflict of interests, prohibits a county employee from engaging in a transaction as an officer of a corporation involved in the sale or lease of county real estate.
*92 It provides that a willful violation of that statute is a misdemeanor.
The section reads as follows: “Pecuniary interest of officers, employees or agents in execution of contracts prohibited. No officer, employee or agent of the county, whether he be such by election, appointment or contract shall directly or indirectly, either on his own behalf or for another person or corporation, make or participate in making, including the preparation of specification or plans, or in any way influence the action of any other officer or employee or agent in relation to the making, or be a member of the Board of Supervisors or any other board or commission whose consent or approval is necessary to the making, of any contract or agreement for the purchase, lease or sale by the county or any real estate, article commodity or service in which contract or agreement said officer or employee or agent is interested directly or indirectly as principal or agent or as an officer of or owner of stock in a corporation. If any such officer or employee or agent shall willfully violate the provision of this section, such contract or agreement shall be voidable, and such officer or employee or agent shall be guilty of a misdemeanor and upon conviction thereof shall forfeit his office or employment or agency and shall be further punished by a fine of not more than one thousand dollars or by imprisonment for not more than six-months or by both such fine and imprisonment. The provisions of this section shall not apply to the making of a contract with the county to serve as a foster parent.”
The defendant, Henry Wendel, is an assistant professor at Nassau Community College, which is sponsored by the County of Nassau. He is paid by Nassau County, at least partially by the use of county funds.
The defendant first questions whether he is an employee of Nassau County, contending that he is an employee of Nassau Community College and not of the county.
Subdivision 5 of section 800 of the General Municipal Law, a parallel statute, provides that a county employee is an employee who is paid from county funds.
The statute under consideration has no specific definition of a county employee, but I believe that this defen *93 dant is clearly a county employee since he is paid from county funds by a county check, and the budget of the college is subject to review and supervision of the Nassau County government.
As an additional argument, defendant points to section 801 of the General Municipal Law — conflicts of interest prohibited. He alleges that defendant was indicted under the wrong statute. He contends that section 801 of the General Municipal Law supersedes the local statute and the indictment referring only to section 2202 of the Nassau County Government Law is defective. (L 1964, ch 946, § 13.) I find his contention without merit. Üpon application of this statute to the instant fact situation, no parallel can be drawn in as much as the defendant does not hold any of the powers as enumerated in subdivision 1 of section 801 of the aforesaid statute. (The ability to “(a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above”.)
The mere entering into a contract prohibited by this section may, for civil purposes, be sufficient to make the contract voidable, but to constitute a criminal act, the defendant must be shown to have willfully violated this statute.
In criminal cases the term willful is generally construed to mean an act done with evil motive, bad purpose or corrupt design. (Felton v United States, 96 US 699; Wilson v United States, 250 F2d 312.) In a criminal sense the word “willful” generally means an act done with bad purpose. (See Datlof v United States, 252 F Supp 11, 33.) Also see People v Cummings (29 Misc 2d 545, 548), which states, “In penal statutes, which call for strict construction, ‘wilful’ means more than intentional or voluntary. It connotes a bad purpose, a willingness to do an act knowingly and with evil design.”
The People have not proved such an evil motive, bad purpose or corrupt design on the part of Henry Wendel.
There is some circumstantial evidence to indicate a scheme or design to make an illicit profit by the High *94 School Hockey League, Inc., of which defendant is its secretary, but such evidence is bare boned and insufficient, merely constituting a series of innuendos, few of which are directly connected with Henry Wendel, and only a barest minimum of which can be related to a time prior to or contemporaneous with July 3, 1980, the date the offense was allegedly committed.
Other than his being secretary of the corporation and having signed the agreement as such, he is not directly connected to any evil motive, bad purpose, or corrupt design by any testimony presented by the People’s witnesses. Events subsequent to July 3,1980 can be connected to a plan existing prior to that date, but just as likely to a plan made after that date. Certainly the defendant’s participation in the events does not make out a case of a willful violation of the statute involved.
Perhaps he was a tool being used to gain an advantage for the league. Perhaps he was an active participant. All of these are surmises, guesses or mere suggestions, but not sufficiently concrete to submit the issue to the jury. What is an appearance of impropriety in this case does not grow into willfulness so as to brand this defendant a criminal. At best, the evidence shows him to be unwise. If he is more, there is no basis upon which the jury could so find.
Under the circumstances, the defendant is entitled to a trial order of dismissal pursuant to CPL 290.10, and I hereby dismiss the indictment.
The defendant is discharged.